**In re INTERCITY OIL CO.,
INC., Debtor.**

**JONES OIL COMPANY, INC., Plaintiff,**

**v.**

**INTERCITY OIL CO., INC., and United States Internal Revenue Service, and Trustee Edward Zappen, Defendants.**

**Bankruptcy No. WU7–88–02497.
Adv. No. 89–0073–7.**

United States Bankruptcy Court,
W.D. Wisconsin.

Oct. 1, 1990.

Michael G. Trewin, New London, Wis., for plaintiff.

Christine R.H. Olsen, Wausau, Wis., for debtor/defendant.

Mary E. Bielefeld, U.S. Dept. of Justice, Washington, D.C., for defendant I.R.S.

Barbara A. Hayden, Marshfield, Wis., for trustee/defendant.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

### PROCEDURAL POSTURE

This case comes before the Court on an adversary proceeding filed to compel the Trustee to avoid the lien of the Internal Revenue Service (IRS) on the Debtor's vehicles, inventories, and accounts receivable in order to fund the Plaintiff's administrative claim under 11 U.S.C. § 546(c). Michael G. Trewin represents the Plaintiff; Christine R.H. Olsen of the Byrne Law Office represents the Debtor; Mary E. Bielefeld represents the IRS; and Barbara A. Hayden of Zappen, Meissner and Hayden represents the Trustee.

### FACTS

From July 21—29, 1988, the Plaintiff sold to the Debtor $22,444.21 worth of gasoline and fuel oil. On July 29, 1988, the Plaintiff learned that the IRS intended to levy on assets of the Debtor to satisfy tax liens in the amount of $532,738.08. Pursuant to WIS.STAT. 402.702 the Plaintiff immediately mailed a notice of reclamation and sent a driver to reclaim the goods. The Plaintiff was unable to reclaim any petroleum products because the Debtor's storage tanks were empty. The Debtor had sold the Plaintiff's product before the Plaintiff could physically reclaim it.

On October 20, 1988, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

### DISCUSSION

The Plaintiff argues that a reclaiming seller's notice of reclamation creates an obligation for a debtor to hold the goods for redelivery. If a debtor breaches this obligation by selling the goods to another party, the Bankruptcy Court must grant an administrative priority or a lien to the reclaiming seller. For support the Plaintiff cites *Matter of Griffin Retreading Co.*, 795 F.2d 676 (8th Cir.1986).

11 U.S.C. § 546(c) provides that "[t]he rights and powers of a trustee ... are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of business, to reclaim such goods if the debtor has received such goods while insolvent ..." WIS.STAT. 402.702(2) provides that "[w]here the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within 10 days after the receipt ..."

In *Matter of Griffin Retreading Co.*, the debtor ignored a valid demand for reclamation by a wholesale supplier of rubber and sold the rubber in its retail outlets in the ordinary course of business. The court held that since the rubber was in the possession of the debtor at the time of the demand for reclamation, no act of the debtor should be able to defeat the seller's valid claim for reclamation. 795 F.2d at 679. Since the seller could no longer physically reclaim his goods, the court held that the

**360**

Bankruptcy Court must grant the seller either an administrative expense priority claim or a lien. *Id.* at 680.

In the present case, *Matter of Griffin Retreading Co.* does not apply because the Plaintiff's petroleum products were sold to a good faith purchaser *before* the Plaintiff made a demand for reclamation. The purchase by a good faith purchaser precludes a seller's reclamation claim because WIS. STAT. 402.702 provides this right of reclamation subject to the rights of good faith purchasers. *See In re Coast Trading Co.*, 744 F.2d 686 (9th Cir.1984). Accordingly, the Plaintiff does not have a right of reclamation and this adversary proceeding is dismissed.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.